**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**TONY R. HARRINGTON**   **PETITIONER**

**v.**   **No. 1:13CV159-A-A**

**CIRCUIT COURT OF WINSTON COUNTY**   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tony R. Harrington for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Harrington has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted and the petition dismissed for failure to state a constitutional claim.

**Facts and Procedural Posture**

Tony R. Harrington is currently incarcerated in the Winston Choctaw County Regional Correctional Facility in Louisville, Mississippi as a pre-trial detainee. Harrington was charged with "Sale of Amphetamine: a Schedule II Controlled Substance" by way of an indictment from the Circuit Court of Winston County, Mississippi, which was stamped as "filed" on September 26, 2012, and docketed on April 30, 2013 in Cause No. 2013-CR-046. Harrington's trial on the charge at issue was continued until the October 2013 term of court by Order filed May 16, 2013, on the motion filed by Harrington's counsel. According to the Winston County Circuit Clerk's Office, the new term of court begian in October, and Harrington's case will be set for trial in this term absent any additional continuances.

Harrington lists his various complaints under Ground One, which include his contention that there was no valid warrant, no lawyer with him in the trial court, no response from his probation

officer, no case number assigned to his case, no NCIC report and that his case was not on the docket for three (3) months. ECF Doc. 1, p. 6. Harrington's prayer for relief is that the court "[consider] the grounds of my [due] process [of] law [claim] and if those grounds have been violated[,] I wish to act on them with civil and disciplinary actions and have all charges dropped on me." ECF Doc. 1, p. 8.

**Discussion**

A pre-trial detainee has a right to seek federal *habeas* relief. *Id.*, 410 U.S. at 488-89. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973). The *Braden* Court reiterated, however, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. In addition, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976). A prisoner who asserts a pretrial *habeas corpus* petition is usually making:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution . . . . [or] an attempt to force the state to go to trial . . . . ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988). If, as in the instant case, a petitioner is attempting to prevent the prosecution of his case, then

he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

In the instant petition, Harrington requests that the court drop all charges against him. Such a request cannot be achieved through federal *habeas corpus*. *Brown,* 530 F.2d at 1283. As such, Harrington's request for *habeas corpus* relief is not an available remedy based on the allegations of the instant petition, absent "special circumstances." *See Dickerson*, 816 F.2d at 227 (citations omitted). The Fifth Circuit broached this "special circumstance" issue in *Dickerson* and declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." The court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich*., 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id.* Harrington does not argue any "special circumstances" to warrant disruption of the state's judicial process. Harrington's trial will be scheduled during the October term of the Winston County Circuit Court. As such, the instant petition will be be dismissed with prejudice for failure to state a claim upon which *habeas* relief may be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of November, 2013.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**